The Honorable Jacqueline Roberts State Representative P.O. Box 2075 Pine Bluff, Arkansas 71613-2075
Dear Representative Roberts:
This is in response to your request for an opinion on the legality or constitutionality of a proposed Pine Bluff city ordinance. You note that an ordinance was proposed which would provide the following:
 Grandparents will have to purchase a permit to care for their grandchildren on a daily basis.
 Teenagers will be required to pay occupational taxes to baby-sit in their homes.
 No more than three unrelated children are allowed in a home without a permit.
You have not enclosed a copy of the proposed ordinance in question. You note, however, that it was "rejected" by the Pine Bluff Planning Commission with instructions to be rewritten. You inquire as to whether the proposed ordinance would violate any constitutional rights.
I must note that I cannot opine conclusively on the constitutionality of an ordinance when its provisions are not before me. In addition, if the ordinance is an attempt by the City to exercise its planning and zoning authority, the validity of any such regulation must be determined with reference to all the facts surrounding its application to particular property. See generally, 101A Zoning and Land Planning § 20.
If the ordinance is an attempted exercise of the City's general authority to enact ordinances, a question may arise as to whether its subject is a proper "municipal affair." See A.C.A. § 14-43-601(a)(1)(J) (excluding from the definition of "municipal affairs" matters coming within the police power of the state including minimum public health, pollution, and safety standards). If not a "municipal affair," the City may not act except in conformity with state law. The state has adopted fairly pervasive regulation over child care facilities. See, e.g., A.C.A. § 20-78-201 to -221 (Repl. 1991 and Supp. 1995).
In either event, it appears that the subject of the ordinance, at least the first and third provisions mentioned, may trigger a heightened level of review under traditional constitutional analysis. Although again, I do not have the ordinance before me, and thus cannot determine its potential impact, it has been generally stated that a certain zone of constitutionally protected privacy attends the home and family. Seegenerally, 16B C.J.S. Constitutional Law § 637. The subject matter of the ordinance may, depending upon its actual provisions,[1] also implicate constitutional rights of association. See generally, 16B C.J.S.Constitutional Law § 619. I cannot make the determination of whether the ordinance in question would withstand constitutional scrutiny. I have found no cases from this or any other jurisdiction addressing the constitutionality of similar ordinances. I suggest, however, that this constitutional issue is one that should be carefully considered by the city attorney, who has reference to all the pertinent facts.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:ECW/cyh
[1] For example, I cannot determine from your characterization of the proposed ordinance whether the provisions are directed exclusively to the providing of child care services, or whether the third provision mentioned would also prohibit a purely noncompensatory arrangement or even a social event including more than three unrelated children in a home at one time.